**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shaun Setareh (SBN 204514)
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
TELEPHONE NO.: (310) 888-7771    FAX NO.: (310) 888-0109
ATTORNEY FOR (Name): Cynthia M. Meggs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda, California 94501
BRANCH NAME: George E. McDonald Hall of Justice

CASE NAME:
Cynthia Meggs v. Thermo Fisher Scientific, Inc.

**FILED BY FAX**
ALAMEDA COUNTY

December 29, 2017

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
**RG17887488**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder — Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Six
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: December 28, 2017

Shaun Setareh, Esq.
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
   scott@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   CYNTHIA M. MEGGS
7

FILED BY FAX
ALAMEDA COUNTY

December 29, 2017

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
RG17887488

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF ALAMEDA

10                          UNLIMITED JURISDICTION

11

12  CYNTHIA M. MEGGS, on behalf of herself,          Case No.
    all others similarly situated,
13                                                    **CLASS ACTION**
                Plaintiff,
14                                                    **COMPLAINT**
        vs.
15                                                    1. Failure to Provide Meal Periods (Lab. Code
    THERMO FISHER SCIENTIFIC, INC., a                    §§ 204, 223, 226.7, 512 and 1198);
16  Delaware corporation; MICROGENICS                 2. Failure to Provide Rest Periods (Lab. Code
    CORPORATION, a Delaware corporation;                 §§ 204, 223, 226.7 and 1198);
17  and DOES 1 through 50, inclusive,                  3. Failure to Pay Hourly Wages (Lab. Code §§
                                                          223, 510, 1194, 1194.2, 1197, 1997.1 and
18              Defendants.                                1198);
                                                       4. Failure to Provide Accurate Written Wage
19                                                        Statements (Lab. Code §§ 226(a));
                                                       5. Failure to Timely Pay All Final Wages
20                                                        (Lab. Code §§ 201, 202 and 203);
                                                       6. Unfair Competition (Bus. & Prof. Code §§
21                                                        17200 et seq.)

22                                                    **JURY TRIAL DEMANDED**

23

24

25

26

27

28

1          COMES NOW, Plaintiff CYNTHIA M. MEGGS ("Plaintiff"), on behalf of herself, all

2  others similarly situated, and the general public, complains and alleges as follows:

3                                      **INTRODUCTION**

4          1.        Plaintiff brings this class action against Defendant THERMO FISHER SCIENTIFIC,

5  INC., a Delaware corporation; MICROGENICS CORPORATION, a Delaware corporation; and

6  DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the

7  Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that

8  Defendants have:

9                   (1)     failed to provide him and all other similarly situated individuals with meal

10                          periods;

11                 (2)     failed to provide them with rest periods;

12                 (3)     failed to pay them premium wages for missed meal and/or rest periods;

13                 (4)     failed to pay them premium wages for missed meal and/or rest periods at the

14                          regular rate of pay;

15                 (5)     failed to pay them at least minimum wage for all hours worked;

16                 (6)     failed to pay them overtime wages at the correct rate;

17                 (7)     failed to pay them double time wages at the correct rate;

18                 (8)     failed to pay them overtime and/or double time wages by failing to include all

19                          applicable remuneration in calculating the regular rate of pay;

20                 (9)     failed to provide them with accurate written wage statements; and

21                 (10)    failed to pay them all of their final wages following separation of

22                          employment.

23         Based on these alleged Labor Code violations, Plaintiff now brings this class action to

24  recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated.

25                                 **JURISDICTON AND VENUE**

26         2.        This Court has subject matter jurisdiction to hear this case because the monetary

27  damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

28  jurisdiction of the Superior Court of the State of California.

1

CLASS ACTION COMPLAINT

1       3.     Venue is proper in the County of Alameda pursuant to Code of Civil Procedure

2    sections 395(a) and 395.5 in that liability arose in this county because at least some of the

3    transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

4    found, maintains offices, transacts business and/or has an agent therein.

5                                              **PARTIES**

6       4.     Plaintiff CYNTHIA M. MEGGS is, and at all relevant times mentioned herein, an

7    individual residing in the State of California.

8       5.     Plaintiff is informed and believes, and thereupon alleges that Defendant THERMO

9    FISHER SCIENTIFIC, INC. is, and at all relevant times mentioned herein, a Delaware corporation

10   doing business in the State of California.

11      6.     Plaintiff is informed and believes, and thereupon alleges that Defendant

12   MICROGENICS CORPORATION is, and at all relevant times mentioned herein, a Delaware

13   corporation doing business in the State of California.

14      7.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

15   DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.

16   Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

17   when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the

18   fictitiously named defendants are responsible in some manner for the occurrences, acts and

19   omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

20   defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and

21   capacities of the DOE defendants when ascertained.

22      8.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

23   mentioned herein, some or all of the defendants were the representatives, agents, employees,

24   partners, directors, associates, joint venturers, principals or co-participants of some or all of the

25   other defendants, and in doing the things alleged herein, were acting within the course and scope of

26   such relationship and with the full knowledge, consent and ratification by such other defendants.

27      9.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

28   mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

1 | and conspired with one another, and aided and abetted one another to accomplish the occurrences,

2 | acts and omissions alleged herein.

3 | <center>**CLASS ALLEGATIONS**</center>

4 |     10.    This action has been brought and may be maintained as a class action pursuant to

5 | Code of Civil Procedure section 382 because there is a well-defined community of interest among

6 | the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

7 | unaware of any difficulties likely to be encountered in managing this case as a class action.

8 |     11.    **Relevant Time Period**: The relevant time period is defined as the time period

9 | beginning four years prior to the filing of this action until judgment is entered.

10 |     **Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies
11 | and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

12 |     **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a
13 | shift in excess of five hours during the **Relevant Time Period**.

    **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift
14 | of at least three and one-half (3.5) hours during the **Relevant Time Period**.

15 |     **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members
employed by Defendants in California during the period beginning one year before
16 | the filing of this action and ending when final judgment is entered.

17 |     **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who
separated from their employment with Defendants during the period beginning three
18 | years before the filing of this action and ending when final judgment is entered.

19 |     **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California
20 | during the **Relevant Time Period**.

21 |     12.    **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

22 | right to amend or modify the class definitions with greater specificity, by further division into sub-

23 | classes and/or by limitation to particular issues.

24 |     13.    **Numerosity**: The class members are so numerous that the individual joinder of each

25 | individual class member is impractical. While Plaintiff does not currently know the exact number

26 | of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

27 | exceeds the minimum required for numerosity under California law.

28 |     14.    **Commonality and Predominance**: Common questions of law and fact exist as to

1  all class members and predominate over any questions which affect only individual class members.

2  These common questions include, but are not limited to:

3      A.   Whether Defendants maintained a policy or practice of failing to provide

4          employees with their meal periods;

5      B.   Whether Defendants maintained a policy or practice of failing to provide

6          employees with their rest periods;

7      C.   Whether Defendants failed to pay premium wages to class members when

8          they have not been provided with required meal and/or rest periods;

9      D.   Whether Defendants failed to pay minimum and/or overtime wages to class

10          members as a result of policies that fail to provide meal periods in accordance

11          with California law;

12      E.   Whether Defendants failed to pay minimum and/or overtime wages to class

13          members for all time worked;

14      F.   Whether Defendants used payroll formulas that systematically fail to account

15          for non-discretionary bonuses and/or other applicable remuneration when

16          calculating regular rates of pay for class members;

17      G.   Whether Defendants failed to pay overtime wages to class members as a

18          result of incorrectly calculating their regular rates of pay;

19      H.   Whether Defendants failed to pay premium wages to class members based on

20          their respective "regular rates of compensation" by not including

21          commissions and/or other applicable remuneration in calculating the rates at

22          which those wages are paid;

23      I.   Whether Defendants failed to provide class members with accurate written

24          wage statements as a result of providing them with written wage statements

25          with inaccurate entries for, among other things, amounts of gross and net

26          wages, and total hours worked;

27      J.   Whether Defendants applied policies or practices that result in late and/or

28          incomplete final wage payments;

4

K.      Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

L.      Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

15.     **Typicality**: Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16.     **Adequacy of Class Representative**: Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.     **Adequacy of Class Counsel**: Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.     **Superiority**: A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

19.     Plaintiff worked for Defendants as a non-exempt, hourly employee from

1  approximately March 20, 2000.

2  **Missed Meal Periods**

3      20.    Plaintiff and the putative class members were not provided with meal periods of at

4  least thirty (30) minutes for each five (5) hour work period before the fifth hour of work due to (1)

5  Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically

6  understaffing each work shift with not enough workers; (3) imposing so much work on each

7  employee such that it made it unlikely that an employee would be able to take their breaks if they

8  wanted to finish their work on time; and (4) no formal written meal and rest period policy that

9  encouraged employees to take their meal and rest periods.

10     21.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

11 provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

12 worked before the fifth hour of work due to complying with Defendants' productivity requirements

13 that required Plaintiff and the putative class to work through their meal periods in order to

14 complete their assignments on time.

15 **Missed Rest Periods**

16     22.    Plaintiff and the putative class members were not provided with rest periods of at

17 least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

18 Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

19 understaffing each work shift with not enough workers; (3) imposing so much work on each

20 employee such that it made it unlikely that an employee would be able to take their breaks if they

21 wanted to finish their work on time; and (4) no formal written meal and rest period policy that

22 encouraged employees to take their meal and rest periods.

23     23.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

24 provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

25 due to complying with Defendants' productivity requirements that required Plaintiff and the

26 putative class to work through their rest periods in order to complete their assignments on time.

27 **Regular Rate of Pay**

28     24.    The regular rate of pay under California law includes all remuneration for

6

1   employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to,

2   commissions and non-discretionary bonuses.

3       25.    During the applicable limitations period, Defendants violated the rights of Plaintiff

4   and the putative class under the above-referenced Labor Code sections by failing to pay them

5   overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198

6   as a result of not correctly calculating their regular rate of pay to include all applicable

7   remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

8                                    **Wage Statements**

9       26.    Plaintiff and the putative class were not provided with accurate wage statements as

10  mandated by law pursuant to Labor Code section 226.

11      27.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

12  earned" were not accurately reflected in that: all hours worked, including overtime, were not

13  included.

14      28.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

15  worked by the employee" were not accurately reflected in that: all hours worked, including

16  overtime, were not included.

17      29.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

18  earned" were not accurately reflected in that: all hours worked, including overtime, were not

19  included.

20      30.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

21  hourly rates in effect during the pay period and the corresponding number of hours worked at each

22  hourly rate by the employee" were not accurately reflected in that: all hours worked, including

23  overtime, were not included.

24                               **FIRST CAUSE OF ACTION**

25                          **FAILURE TO PROVIDE MEAL PERIODS**

26                      **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

27                          **(Plaintiff and Meal Period Sub-Class)**

28      31.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

                                              7

1    fully alleged herein.

2        32.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

3    non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

4    Code and the applicable Industrial Welfare Commission Wage Order.

5        33.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

6    Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

7    employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

8    of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

9    minutes for each work period of ten hours.

10       34.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

11   Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

12   work during required meal periods and require employers to pay non-exempt employees an hour of

13   premium wages on each workday that the employee is not provided with the required meal period.

14       35.    Compensation for missed meal periods constitutes wages within the meaning of

15   Labor Code section 200.

16       36.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

17   violate the applicable Wage Order.

18       37.    Section 11 of the applicable Wage Order states:

19            "No employer shall employ any person for a work period of more than five (5) hours
              without a meal period of not less than 30 minutes, except that when a work period of
20            not more than six (6) hours will complete the day's work the meal period may be
              waived by mutual consent of the employer and employee. Unless the employee is
21            relieved of all duty during a 30 minute meal period, the meal period shall be
              considered an "on duty" meal period and counted as time worked. An "on duty" meal
22            period shall be permitted only when the nature of the work prevents an employee
              from being relieved of all duty and when by written agreement between the parties
23            an on-the-job paid meal period is agreed to. The written agreement shall state that
              the employee may, in writing, revoke the agreement at any time."
24
         38.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period
25
     agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**
26
     members were not subject to valid on-duty meal period agreements with Defendants.
27
         39.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
28

1 | Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

2 | **Class** members when they worked five (5) hours without clocking out for any meal period.

3 |      40.     Moreover, Defendants written policies do not provide that employees must take

4 | their first meal period before the end of the fifth hour of work, that they are entitled to a second

5 | meal period if they work a shift of over ten hours, or that the second meal period must commence

6 | before the end of the tenth hour of work, unless waived.

7 |      41.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

8 | **Class** members additional premium wages, and/or were not paid premium wages at the employees'

9 | regular rates of pay when required meal periods were not provided.

10 |     42.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

11 | and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

12 | and costs of suit.

13 |     43.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

14 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

15 | **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

16 | <div align="center">**SECOND CAUSE OF ACTION**</div>

17 | <div align="center">**FAILURE TO PROVIDE REST PERIODS**</div>

18 | <div align="center">**(Lab. Code §§ 204, 223, 226.7 and 1198)**</div>

19 | <div align="center">**(Plaintiff and Rest Period Sub-Class)**</div>

20 |     44.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21 | herein.

22 |     45.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

23 | non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

24 | Code and the applicable Wage Order.

25 |     46.     Section 12 of the applicable Wage Order imposes an affirmative obligation on

26 | employers to permit and authorize employees to take required rest periods at a rate of no less than

27 | ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

28 | in the middle of each work period insofar as practicable.

<div align="center">9</div>

1    47.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit
2  employers from requiring employees to work during required rest periods and require employers to
3  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on
4  each workday that the employee is not provided with the required rest period(s).

5    48.    Compensation for missed rest periods constitutes wages within the meaning of Labor
6  Code section 200.

7    49.    Labor Code section 1198 makes it unlawful to employ a person under conditions that
8  violate the Wage Order.

9    50.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
10  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**
11  with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,
12  as required by the applicable Wage Order.

13    51.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**
14  **Class** members additional premium wages when required rest periods were not provided.

15    52.    Specifically, Defendants written policies do not provide that employees may take a
16  rest period for each four hours worked, or major fraction thereof, and that rest periods should be
17  taken in the middle of each work period insofar as practicable.

18    53.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself
19  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and
20  costs of suit.

21    54.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
22  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and
23  **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

24                              **THIRD CAUSE OF ACTION**

25                    **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

26                        **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

27                            **(Plaintiff and Hourly Employee Class)**

28    55.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

1    herein.

2        56.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

3    been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

4    applicable Wage Order.

5        57.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

6    which an employee is subject to the control of the employer, and includes all the time the employee

7    is suffered or permitted to work, whether or not required to do so."

8        58.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

9    employees at least the minimum wage set forth therein for all hours worked, which consist of all

10   hours that an employer has actual or constructive knowledge that employees are working.

11       59.    Labor Code section 1194 invalidates any agreement between an employer and an

12   employee to work for less than the minimum or overtime wage required under the applicable Wage

13   Order.

14       60.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

15   damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

16   addition to the underlying unpaid minimum wages and interest thereon.

17       61.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

18   than the minimum wage required under the applicable Wage Order for all hours worked during a

19   payroll period.

20       62.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

21   person acting either individually or as an officer, agent or employee of another person, to pay an

22   employee, or cause an employee to be paid, less than the applicable minimum wage.

23       63.    Labor Code section 1198 makes it unlawful for employers to employ employees

24   under conditions that violate the applicable Wage Order.

25       64.    Labor Code section 204 requires employers to pay non-exempt employees their

26   earned wages for the normal work period at least twice during each calendar month on days the

27   employer designates in advance and to pay non-exempt employees their earned wages for labor

28   performed in excess of the normal work period by no later than the next regular payday.

65.   Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

66.   Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

67.   Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

68.   Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

69.   At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

70.   The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee.  This requirement includes but is not limited to, commissions, non-discretionary bonuses, shift differential pay, etc.

71.   During the applicable limitations period, Defendants violated the rights of Plaintiff and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable remuneration, including but not limited to, commissions, non-discretionary bonuses, shift differential pay, etc.

72.   California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including but not limited to, commissions, non-

1    discretionary bonuses, shift differential pay, etc., be included when calculating an employee's

2    regular rate of pay.

3         73.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

4    compensation that did not reflect, among other things, commissions, non-discretionary bonuses,

5    shift differential pay, etc., as required by Labor Code section 226.7(b) and Sections 11 and 12 of the

6    applicable Wage Order on the occasions when Defendants paid her premium wages in lieu of meal

7    and/or rest periods.

8         74.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

9    during the applicable limitations period, Defendants maintained a policy or practice of paying

10   **Hourly Employee Class** members premium wages based on rates of compensation that have not

11   reflected commissions, non-discretionary bonuses, shift differential pay, etc. as required by Labor

12   Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when

13   Defendants paid them premium wages in lieu of meal and/or rest periods.

14        75.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

15   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

16   **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

17                              **FOURTH CAUSE OF ACTION**

18            **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

19                                 **(Lab. Code § 226)**

20                     **(Plaintiff and Wage Statement Penalties Sub-Class)**

21        76.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

22   herein.

23        77.    Labor Code section 226(a) states:

24        "An employer, semimonthly or at the time of each payment of wages, shall furnish to
          his or her employee, either as a detachable part of the check, draft, or voucher paying
25        the employee's wages, or separately if wages are paid by personal check or cash, an
          accurate itemized statement in writing showing (1) gross wages earned, (2) total
26        hours worked by the employee, except as provided in subdivision (j), (3) the number
          of piece-rate units earned and any applicable piece rate if the employee is paid on a
27        piece-rate basis, (4) all deductions, provided that all deductions made on written
          orders of the employee may be aggregated and shown as one item, (5) net wages
28        earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

                                          13

name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

78.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

79.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

80.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

81.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay

1 | practices, has required discovery and mathematical computations to determine the amount of wages

2 | owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

3 | has led to the submission of inaccurate information about wages and deductions to federal and state

4 | government agencies.

5 |     82.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage**

6 | **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

7 | initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

8 | subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

9 | aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

10 | and costs.

11 | **FIFTH CAUSE OF ACTION**

12 | **FAILURE TO TIMELY PAY ALL FINAL WAGES**

13 | **(Lab. Code §§ 201-203)**

14 | **(Plaintiff and Waiting Time Penalties Sub-Class)**

15 |     83.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

16 | herein.

17 |     84.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

18 | have been entitled, upon the end of their employment with Defendants, to timely payment of all

19 | wages earned and unpaid before termination or resignation.

20 |     85.    At all relevant times, pursuant to Labor Code section 201, employees who have been

21 | discharged have been entitled to payment of all final wages immediately upon termination.

22 |     86.    At all relevant times, pursuant to Labor Code section 202, employees who have

23 | resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

24 | payment of all final wages at the time of resignation.

25 |     87.    At all relevant times, pursuant to Labor Code section 202, employees who have

26 | resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

27 | payment of all final wages within seventy-two (72) hours of giving notice of resignation.

28 |     88.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

1    final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

2        89.    Plaintiff is informed and believes that, at all relevant time during the applicable

3    limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

4    members all of their final wages in accordance with the Labor Code.

5        90.    Plaintiff is informed and believes that, at all relevant times during the applicable

6    limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

7    **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

8    sections 201 or 202 by failing to timely pay them all final wages.

9        91.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

10   timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

11   willful in that Defendants have the ability to pay final wages in accordance with Labor Code

12   sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

13   with those requirements.

14       92.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and

15   **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

16   final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

17       93.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

18   and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**

19   **Class** members, seek awards of reasonable attorneys' fees and costs.

20                        **SIXTH CAUSE OF ACTION**

21                        **UNFAIR COMPETITION**

22                    **(Bus. & Prof. Code §§ 17200 _et seq._)**

23                        **(Plaintiff and UCL Class)**

24       94.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

25   herein.

26       95.    Business and Professions Code section 17200 defines "unfair competition" to

27   include any unlawful business practice.

28       96.    Business and Professions Code section 17203-17204 allow a person who has lost

16

1  money or property as a result of unfair competition to bring a class action in accordance with Code

2  of Civil Procedure section 382 to recover money or property that may have been acquired from

3  similarly situated persons by means of unfair competition.

4       97.    California law requires employers to pay hourly, non-exempt employees for all hours

5  they are permitted or suffered to work, including hours that the employer knows or reasonable

6  should know that employees have worked.

7       98.    Plaintiff and the UCL Class members re-alleges and incorporates the FIRST,

8  SECOND and THIRD causes of action herein.

9       99.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

10      100.   Defendants have or may have acquired money by means of unfair competition.

11      101.   Plaintiff is informed and believes and thereupon alleges that by committing the

12  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

13  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

14  Labor Code violations alleged herein.

15      102.   Defendants have committed criminal conduct through their policies and practices of,

16  *inter alia,* failing to comport with their affirmative obligations as an employer to provide non-

17  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

18  work period of five or more hours before the fifth hour of work, by failing to provide non-exempt

19  employees with a rest period of at least ten minutes for each work period of four hours or major

20  fraction thereof, by failing to pay non-exempt employees for all hours worked and at the regular rate

21  of pay.

22      103.   At all relevant times, Plaintiff and UCL Class members have been non-exempt

23  employees and entitled to the full protections of both the Labor Code and the applicable Wage

24  Order.

25      104.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

26  constitutes unfair competition within the meaning of Business and Professions Code section 17200

27  *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

28  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

1  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

2  behalf of similarly situated persons in a class action proceeding.

3        105.    As a result of Defendants' violations of the Labor Code during the applicable

4  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

5  of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

6  conduct.

7        106.    Plaintiff is informed and believes that other similarly situated persons have been

8  subject to the same unlawful policies or practices of Defendants.

9        107.    Due to the unfair and unlawful business practices in violation of the Labor Code,

10  Defendants have gained a competitive advantage over other comparable companies doing business

11  in the State of California that comply with their legal obligations.

12        108.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

13  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

14  violates or is considered unlawful under any other state or federal law.

15        109.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

16  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

17  Defendants, and each of them, and their agents and employees, from further violations of the Labor

18  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

19  an order permanently enjoining Defendants, and each of them, and their respective agents and

20  employees, from further violations of the Labor Code and applicable Industrial Welfare

21  Commission Wage Orders.

22        110.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

23  herself and UCL Class members, seek declaratory relief and restitution of all monies rightfully

24  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

25  and unfair business practices.

26        111.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

27  and/or the common fund doctrine, Plaintiff and UCL Class members are entitled to recover

28  reasonable attorneys' fees in connection with their unfair competition claims.



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief and judgment against Defendants as follows:

    (1)   An order that the action be certified as a class action;

    (2)   An order that Plaintiff be appointed class representative;

    (3)   An order that counsel for Plaintiff be appointed class counsel;

    (4)   Unpaid wages;

    (5)   Actual damages;

    (6)   Liquidated damages;

    (7)   Restitution;

    (8)   Declaratory relief;

    (9)   Pre-judgment interest;

    (10)   Statutory penalties;

    (11)   Civil penalties;

    (12)   Costs of suit;

    (13)   Reasonable attorneys' fees; and

    (14)   Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all issues so triable.

Dated: December 28, 2017              SETAREH LAW GROUP

                                   SHAUN SETAREH
                                   Attorneys for Plaintiff
                                   CYNTHIA M. MEGGS

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THERMO FISHER SCIENTIFIC, INC., a Delaware corporation;
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CYNTHIA M. MEGGS, on behalf of herself, all others similarly situated,

**FILED BY FAX**
ALAMEDA COUNTY

December 29, 2017

CLERK OF
THE SUPERIOR COURT

By Burt Moskaira, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* George E. McDonald Hall of Justice
2233 Shoreline Drive
Alameda, California 94501

**CASE NUMBER:**
*(Número del Caso):*
**RG17887488**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

DATE:
*(Fecha)* December 29, 2017

Clerk, by *(Secretario)* Bf 1/ , Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Meggs v. Thermo Fisher Scientific, Inc., et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MICROGENICS CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Fax Server          12/29/2017 12:21:59 PM   PAGE   1/001    Fax Server
Case 2:18-cv-01834-DDP-SP   Document 1-1   Filed 02/01/18   Page 25 of 52   Page ID #:34

To: Alameda    Page 23 of 26                    2017-12-29 19:16:54 (GMT)                        From: Shaun Setareh

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THERMO FISHER SCIENTIFIC, INC., a Delaware corporation;
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CYNTHIA M. MEGGS, on behalf of herself, all others similarly
situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY

December 29, 2017

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* George E. McDonald Hall of Justice | **CASE NUMBER:** *(Número del Caso):* **RG17887488** |

2233 Shoreline Drive
Alameda, California 94501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE: *(Fecha)* December 29, 2017 | Clerk, by *(Secretario)* BM | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MICROGENICS CORPORATION, a Delaware Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

# SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Meggs v. Thermo Fisher Scientific, Inc., et al. | |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MICROGENICS CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

THERMO FISHER SCIENTIFIC, INC., a Delaware corporation;
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**

CYNTHIA M. MEGGS, on behalf of herself, all others similarly
situated;

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED BY FAX**
ALAMEDA COUNTY

December 29, 2017

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): George E. McDonald Hall of Justice<br><br>2233 Shoreline Drive<br>Alameda, California 94501 | CASE NUMBER:<br>(Número de Caso):<br><br>RG17887488 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE:<br>(Fecha) December 29, 2017 | Clerk, by<br>(Secretario) BA H | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): THERMO FISHER SCIENTIFIC, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Meggs v. Thermo Fisher Scientific, Inc., et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MICROGENICS CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SETAREH LAW GROUP
Attn:  Setareh, Shaun
9454 Wilshire Blvd.
Suite 907
Beverly Hills, CA   90212____

Thermo Fisher Sientific, Inc., a
Delaware corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Meggs

Plaintiff/Petitioner(s)

VS.

Thermo Fisher Sientific, Inc., a Delaware
corporati

Defendant/Respondent(s)
(Abbreviated Title)

No. <u>RG17887488</u>

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 02/20/2018   TIME:  03:00 PM   DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
               1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of
Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice
on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case
Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting
directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For
further information, go to **Direct Calendar Departments** at
**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be
scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 12/29/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

By  *Michelle Bank*

Digital

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/02/2018.

By  *Michelle Bank*

Digital

Deputy Clerk

SETAREH LAW GROUP
Attn:  Setareh, Shaun
9454 Wilshire Blvd.
Suite 907
Beverly Hills, CA    90212_____

Thermo Fisher Sientific, Inc., a
Delaware corporation

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| Meggs | No. <u>RG17887488</u> |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF HEARING |
| Thermo Fisher Sientific, Inc., a Delaware corporati | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE:  02/20/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE:  03/27/2018    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For

further information, go to **Direct Calendar Departments** at
**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 12/29/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                     By _____
                                                                  Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 01/02/2018.

                                     By _____
                                                                  Deputy Clerk

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Shaun Setareh (SBN 204514)<br>H. Scott Leviant (SBN 200834)<br>Setareh Law Group<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 310-888-7771   FAX NO. (Optional):  310-888-0109<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Cynthia M. Meggs | **FILED BY FAX**<br>ALAMEDA COUNTY<br>January 16, 2018<br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy<br>CASE NUMBER:<br>**RG17887488** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallen Street<br>MAILING ADDRESS: 1225 Fallen Street<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Cynthia M. Meggs, on behalf of herself, and all others similarly situated<br>DEFENDANT/RESPONDENT: Thermo Fisher Scientific, Inc., a Delaware corporation; Microgenics Corporation, a Delaware corporation; and Does 1 through 50, inclusive | CASE NUMBER:<br>RG17887488 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [X] summons

   b. [X] complaint

   c. [ ] Alternative Dispute Resolution (ADR) package

   d. [X] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* Microgenics Corporation, a Delaware corporation

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Peggy Calder, Client Rep., Agent for Service of Process

4. Address where the party was served: Capitol Corporate Service, Inc., 455 Capitol Mall Complex Suite 217, Sacramento, CA 95814

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/3/18    (2) at *(time):* 11:38 a.m.

   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**    Legal Solutions Plus    Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Cynthia M. Meggs, on behalf of herself, and all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Thermo Fisher Scientific, Inc., a Delaware corporati | RG17887488 |

5.  c.  ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date):*                                         (2) from *(city):*

      (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

      (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  ☐   **by other means** *(specify means of service and authorizing code section):*



      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  ☐   as an individual defendant.
    b.  ☐   as the person sued under the fictitious name of *(specify):*
    c.  ☐   as occupant.
    d.  ☒   On behalf of *(specify):* Microgenics Corporation, a Delaware corporation
        under the following Code of Civil Procedure section:

        ☒ 416.10 (corporation)                              ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)                    ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)            ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)                              ☐ 415.46 (occupant)
                                 ☐ other:

7.  **Person who served papers**
    a.  Name:  Scott Oliver
    b.  Address: Capitol Couriers, Inc., 3000 T Street, Suite 200, Sacramento, CA 95816
    c.  Telephone number: 916-451-3697
    d.  The fee for service was: $  37.50
    e.  I am:

      (1) ☐   not a registered California process server.
      (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒   registered California process server.
          (i)  ☐   owner   ☒ employee   ☐ independent contractor.
          (ii)  Registration No.: 2011-043
          (iii)  County: Sacramento

8.  ☒   I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐   I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 1/3/18

Scott Oliver
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              (SIGNATURE )

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Shaun Setareh (SBN 204514)<br>H. Scott Leviant (SBN 200834)<br>Setareh Law Group<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 310-888-7771    FAX NO. (Optional):  310-888-0109<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Cynthia M. Meggs | **FILED BY FAX** ·Y·<br>ALAMEDA COUNTY<br><br>January 16, 2018<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda | CASE NUMBER: |
|---|---|
| STREET ADDRESS: 1225 Fallen Street<br>MAILING ADDRESS: 1225 Fallen Street<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: | **RG17887488** |

| PLAINTIFF/PETITIONER: Cynthia M. Meggs, on behalf of herself, and all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Thermo Fisher Scientific, Inc., a Delaware corporation; Microgenics Corporation, a Delaware corporation; and Does 1 through 50, inclusive | RG17887488 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X]  summons
    b.  [X]  complaint
    c.  [ ]  Alternative Dispute Resolution (ADR) package
    d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  cross-complaint
    f.  [ ]  other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):* Thermo Fisher Scientific, Inc., a Delaware corporation
    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Peggy Calder, Client Rep., Agent for Service of Process

4.  Address where the party was served: Capitol Corporate Service, Inc., 455 Capitol Mall Complex Suite 217, Sacramento, CA 95814
5.  I served the party *(check proper box)*
    a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/3/18        (2) at *(time):* 11:38 a.m.
    b.  [ ]  **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Legal
Solutions
℞ Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Cynthia M. Meggs, on behalf of herself, and all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Thermo Fisher Scientific, Inc., a Delaware corporati | RG17887488 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:              (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Thermo Fisher Scientific, Inc., a Delaware corporation
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                ☐ other:

7. **Person who served papers**
  a. Name: Scott Oliver
  b. Address: Capitol Couriers, Inc., 3000 T Street, Suite 200, Sacramento, CA 95816
  c. Telephone number: 916-451-3697
  d. **The fee for service was:** $ 50.00
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
      (i) ☐ owner  ☒ employee  ☐ independent contractor.
      (ii) Registration No.: 2011-043
      (iii) County: Sacramento

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 1/3/18

Scott Oliver
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      ▶          (SIGNATURE )

1  Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
       scott@setarehlaw.com
3  SETAREH LAW GROUP
    9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
    Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
    CYNTHIA M. MEGGS

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF ALAMEDA

10                         UNLIMITED JURISDICTION

11

12  CYNTHIA M. MEGGS, on behalf of herself,     Case No. RG17887488
     all others similarly situated,
13                                               **PLAINTIFF'S NOTICE OF HEARING**
                 *Plaintiff,*                    **FOR COMPLEX DETERMINATION AND**
14                                               **CASE MANAGEMENT CONFERENCE**
              vs.
15                                               **Complex Determination Hearing**
     THERMO FISHER SCIENTIFIC, INC., a
16   Delaware corporation; MICROGENICS          **Date: February 20, 2018**
     CORPORATION, a Delaware corporation;       **Time: 3:00 p.m.**
17   and DOES 1 through 50, inclusive,          **Dept 23**

18                 *Defendants.*

19                                               **Case Management Conference**

20                                               **Date: March 27, 2018**
                                                 **Time: 3:00 p.m.**
21                                               **Dept. 23**

22

23

24

25

26

27

28

**TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:**

Please take notice that the Court has set the following hearing dates in the above-stated case:

1. Complex Determination Hearing scheduled for February 20, 2018 at 3:00 p.m. in Department 23 of the Alameda Superior Court located at Administration Building, Fourth Floor, 1221 Oak St., Oakland, California 94612.

2. Case Management Conference scheduled for March 27, 2018 at 3:00 p.m. in Department 23 of Alameda Superior Court located at Administration Building, Fourth Floor, 1221 Oak St., Oakland, California 94612.

Attached hereto as "Exhibit A" is a true and correct copy of the court notice.

Dated: January 16, 2018                    SETAREH LAW GROUP

SHAUN SETAREH ESQ.
SCOTT LEVIANT ESQ.
Attorneys for Plaintiff
CYNTHIA M. MEGGS

1
CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

2

SETAREH LAW GROUP
Attn:  Setareh, Shaun
9454 Wilshire Blvd.
Suite 907
Beverly Hills, CA   90212____

Thermo Fisher Sientific, Inc., a
Delaware corporation

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Meggs <br>                 Plaintiff/Petitioner(s) <br> VS. <br><br> Thermo Fisher Sientific, Inc., a Delaware corporati <br>               Defendant/Respondent(s) <br> (Abbreviated Title) | No. <u>RG17887488</u> <br><br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 02/20/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/27/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For

further information, go to **Direct Calendar Departments** at
**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be
scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the
courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at
(510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by
contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled
conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request
form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  12/29/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By      _Michelle Bank_
                                                                  Digital
                                      _____
                                                          Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to
this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by
sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the
date stated below, in the United States mail at Alameda County, California, following standard court
practices.

        Executed on 01/02/2018.

                                      By      _Michelle Bank_
                                                                  Digital
                                      _____
                                                          Deputy Clerk

## PROOF OF SERVICE

    I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

    On January 18, 2018, I served the foregoing documents described as:

### PLAINTIFF'S NOTICE OF HEARING FOR COMPLEX DETERMINATION AND CASE MANAGEMENT CONFERENCE

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Capitol Corporate Services, Inc.
455 Capitol Mall Complex
Suite 217
Sacramento, CA 95814
Registered Agent for Thermo Fisher
Scientific and Microgenics Corporation

**[X]**    **BY MAIL**

    I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]**    **BY E-MAIL OR ELECTRONIC TRANSMISSION**

    Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]**    **BY FEDERAL EXPRESS**

    I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for deposit with Federal Express. It is the practice that correspondence is deposited with Federal Express the same day it is submitted for mailing with fees thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if date of receipt of the document by Federal Express is more than one day after date of deposit for mailing in affidavit.

**[ ]   BY FACSIMILE MACHINE**

    I transmitted from a facsimile transmission machine whose telephone number is (310) 888-0109 to the above-identified recipient and fax telephone number. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]   PERSONAL SERVICE**

    I delivered the foregoing document by hand delivery to the addressee named above.

**[ ]   BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

    I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed Certified/Return Receipt Requested with postage thereon fully prepaid. I am readily familiar with the practice of Setareh Law Group for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]   STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]   FEDERAL** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on January 18, 2018, at Beverly Hills, California.

Angel Reyes

PROOF OF SERVICE

GRUBE BROWN & GEIDT LLP
ELIZABETH A. BROWN (SB# 235429)
KATHERINE C. HUIBONHOA (SB# 207648)
MARIO C. ORTEGA (SB# 272455)
lisabrown@gbgllp.com
kathyhuibonhoa@gbgllp.com
marioortega@gbgllp.com
601 Montgomery Street, Suite 1150
San Francisco, CA  94111
Telephone:  (415) 603-5000
Facsimile:  (415) 840-7210

Attorneys for Defendants
THERMO FISHER SCIENTIFIC INC. and
MICROGENICS CORPORATION

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 0 2018

SUE PESKO

By

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

CYNTHIA M. MEGGS, on behalf of herself,
all others similarly situated,

　　　　　　Plaintiff,

　　vs.

THERMO FISHER SCIENTIFIC, INC., a
Delaware corporation; MICROGENICS
CORPORATION, a Delaware corporation;
and DOES 1 through 50, inclusive,

　　　　　　Defendants.

CASE NO. RG17887488

**DEFENDANTS' ANSWER TO
PLAINTIFF'S UNVERIFIED CLASS
ACTION COMPLAINT**

Complaint Filed:  December 29, 2017

Defendants THERMO FISHER SCIENTIFIC INC. ("Thermo Fisher") and MICROGENICS CORPORATION ("Microgenics") (collectively, "Defendants') hereby answer the unverified Class Action Complaint ("Complaint") of Plaintiff Cynthia Meggs ("Plaintiff") as follows:

1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation in Plaintiff's Complaint.

2.      Defendants further deny, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees.

3.      Defendants further deny, generally and specifically, that Plaintiff or the class, including subclasses, she proposes (the "Proposed Class"), the existence of which Defendants deny, have been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees, and deny further that Plaintiff is entitled to the relief she seeks, or any relief.

Without admitting any facts alleged by Plaintiff, Defendants also plead the following separate and affirmative defenses to the Complaint:

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

1.      The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action.

<u>SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

2.      The Complaint, and each of its causes of action, is barred by the first-to-file rule, because of the similarity between it and the first-filed action, *Steven De La Cruz v. Thermo Fisher Scientific, Inc., et al.*, Case No. 5:17-cv-01918-DDP-SP, which is pending in the United States District Court for the Central District of California.

-1-

<div align="center">THIRD SEPARATE AND AFFIRMATIVE DEFENSE</div>

3.      The Complaint, and each of its causes of action, is barred to the extent that Plaintiff and/or members of the Proposed Class were not employed by Thermo Fisher Scientific Inc. or Microgenics Corporation.

<div align="center">FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

4.      The Complaint, and each of its causes of action, is barred to the extent that venue is improper.

<div align="center">FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

5.      The Complaint, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338 and 340, and California Business and Professions Code section 17208.

<div align="center">SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

6.      Plaintiff lacks standing to sue Defendants on behalf of herself or the Proposed Class with respect to at least some of the claimed injuries.

<div align="center">SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

7.      The Complaint, and each of its causes of action, is barred by the doctrine of laches.

<div align="center">EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

8.      Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

<div align="center">NINTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

9.      The Complaint, and each of its causes of action, is barred by the doctrine of unclean hands.

<div align="center">TENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

10.      The Complaint, and each of its causes of action, or parts thereof, is barred by the doctrine of accord and satisfaction.

<div align="center">-2-</div>

88620319.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

11.     The Complaint, and each of its causes of action, is barred to the extent that prior settlement agreements and/or releases cover all or some of the claims alleged in the Complaint with respect to some or all the Proposed Class.

<div align="center">TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

12.     The Complaint, and each of its causes of action, is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiff and/or any alleged member of the Proposed Class have already litigated the claims that are the subject of the Complaint, or have been covered by other litigation that was pursued on their behalf.

<div align="center">THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

13.     The Complaint, and each of its causes of action, is barred because Plaintiff and any alleged member of the Proposed Class did not satisfy and/or breached their statutory obligations as provided in the California Labor Code including, but not limited to, sections 2854 and 2856-2859.

<div align="center">FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

14.     The Complaint, and each of its causes of action, is barred because at all times relevant to the Complaint, Defendants did not willfully or otherwise fail to comply with any provisions of the California Labor Code or California Industrial Welfare Commission Wage Orders but rather, acted based on their good faith belief that their acts or omissions were lawful.

<div align="center">FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

15.     The Complaint, and each of its causes of action, is barred because Plaintiff and the Proposed Class were provided, authorized and/or permitted rest or meal breaks in accordance with the law, and any failure by Plaintiff, or any member of the Proposed Class, to take a meal or rest period was because they freely waived any and all meal or rest periods that they did not take.

<div align="center">SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

16.     The Complaint, and each of its causes of action, is barred because some of the hours Plaintiff and the Proposed Class allegedly worked are not "hours worked" within the

<div align="center">-3-</div>

1  meaning of applicable law.

2  <u>SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

3  17.  The fourth cause of action is barred on the grounds that there was no "knowing

4  and intentional failure" on the part of Defendants to comply with California Labor Code section

5  226, nor did Plaintiff or any member of the Proposed Class suffer injury as a result of any alleged

6  knowing and intentional failure within the meaning of California Labor Code section 226(e).

7  <u>EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

8  18.  The fifth cause of action is barred because any failure to pay wages was not willful

9  within the meaning of California Labor Code section 203.

10  <u>NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

11  19.  The sixth cause of action is barred because Plaintiff, as a private litigant, lacks

12  standing to bring a cause of action for damages under California Business and Professions Code

13  section 17203.

14  <u>TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE</u>

15  20.  The sixth cause of action is barred because Plaintiff cannot show an injury to

16  competition, as distinguished from injury to Plaintiff, which such injury Defendants deny.

17  <u>TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

18  21.  The sixth cause of action is barred because Plaintiff cannot show a deception upon

19  the public.

20  <u>TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

21  22.  The sixth cause of action is barred because Plaintiff is not seeking recovery of a

22  quantifiable sum.

23  <u>TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

24  23.  The sixth cause of action is barred because California Business and Professions

25  Code section 17200 *et seq*., as stated and as sought to be applied, violate Defendants' rights under

26  the United States Constitution and the California Constitution in that, among other things, they

27  are void for vagueness, violative of equal protection, violative of due process, an undue burden

28

-4-

upon interstate commerce, and violative of the freedom of contract.  It also violates Defendants'
rights to due process under the United States Constitution and the California Constitution to the
extent that the cause of action does not afford Defendants the protections against multiple suits
and duplicative liability.

<center>TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

24.     The sixth cause of action is barred because the remedies under California Business
and Professions Code section 17200 *et seq.* is limited to restitution and injunctive relief.

<center>TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

25.     The Complaint, and each of its causes of action, is barred because if Defendants
ever owed any obligation to Plaintiff and/or the Proposed Class, that obligation has been paid and
otherwise satisfied.

<center>TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

26.     The Complaint, and each of its causes of action, is barred in whole or in part
because Plaintiff unreasonably delayed in notifying Defendants of the alleged actionable wrongs,
and by reason of Plaintiff's unreasonable delay, Defendants have been prejudiced.

<center>TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

27.     The Complaint, and any damages therefrom, must be set off by the amount
Plaintiff and/or the Proposed Class members were overpaid.

<center>TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

28.     While Defendants deny any liability or wrongdoing for the claims asserted in the
Plaintiff's Complaint, in the event that it should be determined that Defendants did violate one or
more provisions of the California Labor Code, then neither Plaintiff nor the Proposed Class are
entitled to any damages, penalties, or other relief because such violation(s) were *de minimis*.

<center>TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE</center>

29.     The Complaint and each of its causes of action is barred in whole or in part to the
extent it seeks double recovery for the same alleged wrong or wrongs.

<center>-5-</center>

<div align="center">THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE</div>

30.     Plaintiff may not recover damages in this action because, under the circumstances presented, an award of damages would constitute unjust enrichment.

<div align="center">THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE</div>

31.     Plaintiff's request for class certification should be denied because the matters alleged in the Complaint are those in which individual questions predominate over common questions, rendering this action unsuitable for class treatment.

<div align="center">THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</div>

32.     Plaintiff's request for class certification should be denied because Plaintiff cannot satisfy the prerequisites for class certification, including, but not limited to, establishing that a well-defined community of interest exists among the Proposed Class.

<div align="center">THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE</div>

33.     Plaintiff's request for class certification should be denied because class certification would be inappropriate due to conflicts of interest between Plaintiff and the Proposed Class, and/or among the Proposed Class.

<div align="center">THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

34.     Plaintiff's request for class certification should be denied because Plaintiff is not an adequate representative of persons she purports to represent.

<div align="center">THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

35.     Plaintiff's request for class certification should be denied because Plaintiff cannot show that class treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the alleged controversy.

<div align="center">THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</div>

36.     Plaintiff's request for class certification should be denied because liability and/or damages, if any, to any member of the Proposed Class may not be determined by a single factfinder or on a group-wide basis, and therefore allowing this action to proceed as a class action would violate Defendants' rights to due process and trial by jury.

1    THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

2        37.    In the event that a class should be certified in this matter, Defendants incorporate

3    by reference and reallege all of their defenses to Plaintiff's individual claims in response to

4    Plaintiff's claims on behalf of the Proposed Class.

5    THIRTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

6        38.    Defendants currently have insufficient knowledge or information on which it may

7    form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

8    Defendants hereby reserve the right to assert additional defenses in the event that discovery

9    reveals that they would be appropriate.

10       WHEREFORE, Defendants pray for judgment as follows:

11       1.    That Plaintiff's request to bring this action as a class action be denied;

12       2.    That Plaintiff take nothing by reason of the Complaint, that the Complaint be

13   dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

14       3.    That Defendants be awarded its reasonable costs and attorneys' fees; and

15       4.    That Defendants be awarded such other and further relief as the Court deems just

16   and proper.

17   DATED: January 30, 2018                    GRUBE BROWN & GEIDT LLP

18

19

20                                             BY: _____
                                                     ELIZABETH A. BROWN

21

22                                             Attorneys for Defendants
                                               THERMO FISHER SCIENTIFIC INC. and
                                               MICROGENICS CORPORATION

23

24

25

26

27

28

-7-

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

88620319.1

**PROOF OF SERVICE**

I am employed in the City of San Francisco and County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 601 Montgomery Street, Suite 1150, San Francisco, CA 94111.

On January 30, 2018, I served a copy of the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

on the interested parties:

☐    VIA FAX: By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    VIA U.S. MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on the above date with postage thereon fully prepaid, at San Francisco, California.

☐    VIA OVERNIGHT SERVICE: By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    VIA PERSONAL SERVICE: By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐    VIA E-MAIL: By transmitting a PDF version of the document(s) by e-mail to the person(s) set forth below using the e-mail address(es) indicated, pursuant to the parties' electronic service agreement.

Shaun Setareh
H. Scott Leviant
Setareh Law Group
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 30, 2018, at San Francisco, California.

_____
Janet Gogna

1
PROOF OF SERVICE